Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WALLER CAPITAL PARTNERS, LLC,                No. 08-CIV-8940 (AKH)

            Plaintiff,

      Versus                                          **ANSWER OF**
                                                **PUERTO RICO CABLE**
PUERTO RICO CABLE HOLDING                       **HOLDING COMPANY, INC.**
COMPANY INC.,

            Defendant.
------------------------------------------------------------x

      Defendant Puerto Rico Cable Holding Company Inc. ("PRCHC" or "Company"), by and through its attorneys, hereby files this Answer to the Complaint (the "Complaint") filed by Plaintiff Waller Capital Partners, LLC ("Waller").

    1.     PRCHC denies the allegations in Paragraph 1 of the Complaint.

    2.     On information and belief, PRCHC admits the allegations in Paragraph 2 of the Complaint.

    3.     PRCHC admits the allegations in Paragraph 3 of the Complaint.

    4.     PRCHC admits only so much of the allegations in Paragraph 4 of the Complaint as allege that PRCHC and Waller entered a Letter Agreement (as defined in Paragraph 4 of the Complaint) on or about April 3, 2007, and that a copy of the Letter Agreement is attached as

Exhibit A to the Complaint.  PRCHC denies all remaining allegations in Paragraph 4 of the Complaint.

5. PRCHC admits only so much of the allegations in Paragraph 5 of the Complaint as allege that PRCHC agreed to pay Waller a fee for its services in certain, limited circumstances set forth in the Letter Agreement.  PRCHC denies that the allegations in Paragraph 5 of the Complaint accurately describe those limited circumstances.  PRCHC denies all remaining allegations in Paragraph 5 of the Complaint.

6. PRCHC states that the Letter Agreement speaks for itself, and contains a specific description of the Transaction that Waller was engaged to pursue.  PRCHC denies that the allegations in Paragraph 6 of the Complaint contain a complete and accurate description of the Transaction defined in the Letter Agreement.

7. PRCHC states that the Letter Agreement speaks for itself, and includes a specific and lengthy, explanation of how Waller might earn a Transaction fee, and, if earned, how such a fee would be calculated.  PRCHC denies that Paragraph 7 of the Complaint contains a complete and accurate recitation of those terms.

8. PRCHC states that the Letter Agreement speaks for itself, and includes a specific and lengthy, explanation of how Waller might earn a Transaction fee, and, if earned, how such a fee would be calculated.  PRCHC denies that Paragraph 8 of the Complaint contains a complete and accurate recitation of those terms.

9. PRCHC states that the Letter Agreement speaks for itself, and includes a specific and lengthy, explanation of how Waller might earn a Transaction fee, and, if earned, how such a fee would be calculated.  PRCHC denies that Paragraph 9 of the Complaint contains a complete

and accurate recitation of those terms. PRCHC further denies the allegation contained in the parentheses in Paragraph 9 of the Complaint.

10. PRCHC states that the Letter Agreement speaks for itself, and includes a specific, lengthy, description of the limited circumstances in which PRCHC agreed to reimburse certain reasonable expenses incurred by Waller. PRCHC denies that Paragraph 10 of the Complaint accurately and fully summarizes those terms.

11. PRCHC states that the Letter Agreement speaks for itself, and that Paragraph 11(e) of the Letter Agreement contains a comprehensive provision regarding the parties' rights and obligations concerning attorneys' fees in connection with legal proceeding for the enforcement of any provision of the Letter Agreement. PRCHC denies that the allegations in Paragraph 11 of the Complaint contain a complete and accurate summary of the terms set forth in Paragraph 11(e) of the Letter Agreement. PRCHC further denies that the attorneys' fees provision set forth in Paragraph 11(e) of the Letter Agreement is applicable to every count of Waller's Complaint.

12. PRCHC states that the Letter Agreement speaks for itself, and includes a specific and lengthy, explanation of how Waller might earn a Transaction fee even if terminated and, if earned, how such a fee would be calculated. PRCHC denies that Paragraph 12 of the Complaint contains a complete and accurate characterization of those terms.

13. PRCHC states that the Letter Agreement speaks for itself, and includes a specific and lengthy, explanation of how Waller might earn a Transaction fee even if terminated and, if earned, how such a fee would be calculated. PRCHC denies that Paragraph 13 of the Complaint contains a complete and accurate recitation of those terms.

14. PRCHC admits only so much of the allegations in Paragraph 14 of the Complaint as allege that, after the Letter Agreement was executed, Waller worked with PRCHC on a Confidential Information Memorandum. PRCHC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint.

15. PRCHC admits only so much of the allegations in Paragraph 15 of the Complaint as allege that Waller participated in the preparation of the Choice Cable Book (as that term is defined in the Complaint) and that a copy of the Choice Cable Book is attached as Exhibit B to the Complaint. PRCHC denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. PRCHC admits the allegations in Paragraph 16 of the Complaint.

17. PRCHC states that the Choice Cable Book is a written document that speaks for itself, and it places in context how it uses the term "d/b/a Choice Cable TV, 'Choice'". PRCHC denies that Paragraph 17 of the Complaint accurately and completely summarizes that context.

18. PRCHC states that the Choice Cable Book is a written document that speaks for itself, and it contains an introductory phrase that describes the persons and/or entities that might receive the Choice Cable Book. PRCHC denies that the allegations in Paragraph 18 of the Complaint fully and accurately set forth the language in that section of the Choice Cable Book.

19. PRCHC is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. PRCHC is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. PRCHC is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. PRCHC admits only so much of the allegations in Paragraph 22 of the Complaint as allege that seven potential purchasers were selected by PRCHC to be given additional access to information and due diligence about PRCHC. PRCHC denies all remaining allegations in Paragraph 22 of the Complaint.

23. PRCHC admits only so much of the allegations in Paragraph 23 of the Complaint as allege that on behalf of PRCHC, Waller organized and participated in further sales efforts, including meetings in Puerto Rico, with the seven potential purchasers that PRCHC selected to be given additional access to information and due diligence about PRCHC. PRCHC denies all remaining allegations in Paragraph 23 of the Complaint.

24. PRCHC admits only so much of the allegations in Paragraph 24 of the Complaint as allege that Spectrum Equity Investors was contacted by Waller, received a Choice Cable Book, and was given access to additional information about PRCHC. PRCHC states that it is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint.

25. On information and belief, PRCHC admits the allegations in Paragraph 25 of the Complaint.

26. On information and belief, PRCHC admits the allegations in Paragraph 26 of the Complaint.

27. On information and belief, PRCHC admits the allegations in Paragraph 27 of the Complaint.

28.     PRCHC admits only so much of the allegations in Paragraph 28 of the Complaint as allege that Waller introduced Spectrum to the Company. PRCHC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint regarding Waller's purposes.

29.     PRCHC admits only so much of the allegations in Paragraph 29 of the Complaint as allege that Waller worked with PRCHC in connection with Spectrum's initial consideration of a Transaction (as that term is defined in the Letter Agreement) involving PRCHC. PRCHC denies all remaining allegations in Paragraph 29 of the Complaint.

30.     PRCHC admits the allegations in Paragraph 30 of the Complaint.

31.     PRCHC admits only so much of the allegations in Paragraph 31 of the Complaint as allege that Waller sent Spectrum a letter dated May 21, 2007 and that a copy of that letter is attached as Exhibit C to the Complaint. PRCHC states that the May 21, 2007 letter is a written document that speaks for itself, and it includes an express invitation to Spectrum regarding a specifically described transaction. PRCHC denies that Paragraph 31 of the Complaint fully and accurately summarizes that described transaction, and PRCHC further denies that the "Transaction" as referenced in Paragraph 31 is the same as the "Transaction" referred to in the Letter Agreement.

32.     PRCHC admits only so much of the allegations in Paragraph 32 as allege that Spectrum submitted a preliminary indication of interest in a transaction concerning PRCHC. PRCHC states that Waller's Complaint uses the defined term "Transaction" inconsistently, and it is impossible for PRCHC to determine how Waller intends to use that term in Paragraph 32. Accordingly, PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Spectrum's indication of interest was for a "Transaction".

33. PRCHC admits only so much of the allegations in Paragraph 33 of the Complaint as allege that, with the knowledge and consent of PRCHC, and in response to Spectrum's indications of interest, Waller sent Spectrum a letter dated June 23, 2007, a copy of which is attached as Exhibit D to the Complaint, inviting Spectrum to submit a binding offer for PRCHC. PRCHC denies all remaining allegations in Paragraph 33 of the Complaint.

34. PRCHC admits only so much of the allegations in Paragraph 34 of the Complaint as allege that the number of monthly video subscribers to Choice Cable TV was declining. PRCHC is without knowledge or information sufficient to form a belief as to the truth of Waller's efforts during that time.

35. PRCHC admits the allegations in Paragraph 35 of the Complaint.

36. PRCHC admits the allegations in Paragraph 36 of the Complaint.

37. PRCHC admits the allegations in Paragraph 37 of the Complaint.

38. PRCHC admits so much of the allegations in Paragraph 38 of the Complaint as allege that Spectrum did not make a binding offer for Choice Cable TV in July 2007. PRCHC is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 38 of the Complaint.

39. PRCHC admits only so much of the allegations in Paragraph 39 as allege that Spectrum made a proposal for the acquisition of PRCHC in July 2007, and sent a letter dated July 31, 2007, a copy of which is attached to the Complaint as Exhibit E. PRCHC states that Spectrum's proposal and the July 31, 2007 letter are written documents that speak for themselves. PRCHC denies the allegation that Spectrum communicated "firm interest" in July

2007 and denies the allegation that Spectrum made a proposal for the acquisition of "Choice Cable TV".

40. PRCHC admits only so much of the allegations in Paragraph 40 of the Complaint as allege that it entered into a letter agreement dated August 3, 2007 with Spectrum Equity Investors V, L.P. (the "Exclusivity Agreement"), a copy of which is attached to the Complaint as Exhibit F. PRCHC states that the Exclusivity Agreement is a written document that speaks for itself, and Waller's characterizations of the terms of that Agreement do not constitute factual allegations as to which a response is required.

41. PRCHC states that the Exclusivity Agreement is a written document that speaks for itself, and contains express language identifying the nature of the potential transaction giving rise to the Exclusivity Agreement. PRCHC denies that the allegations in Paragraph 41 of the Complaint accurately characterize that express language in the Exclusivity Agreement.

42. PRCHC states that the Exclusivity Agreement is a written document that speaks for itself, and it contains a lengthy statement of the limitations it imposed on both parties. PRCHC denies that the allegations in Paragraph 42 of the Complaint accurately and fully recite those provisions of the Exclusivity Agreement.

43. PRCHC denies the allegations in Paragraph 43 of the Complaint.

44. On information and belief, PRCHC admits the allegations in Paragraph 44 of the Complaint.

45. PRCHC admits the allegations in Paragraph 45 of the Complaint.

46. PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47. PRCHC admits only so much of the allegations in Paragraph 47 of the Complaint as allege that Waller informed the Company that Spectrum had interest in a possible deal involving PRCHC. PRCHC denies all remaining allegations in Paragraph 47 of the Complaint.

48. PRCHC admits the allegations in Paragraph 48 of the Complaint.

49. PRCHC admits only so much of the allegations in Paragraph 49 of the Complaint as allege that following the termination of Waller's services under the Letter Agreement, the Company was aware that Waller and Spectrum had a small number of discussions over a limited period of time concerning a possible deal involving PRCHC. PRCHC denies all remaining allegations in Paragraph 49 of the Complaint.

50. PRCHC is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. On information and belief, PRCHC admits the allegations in Paragraph 51 of the Complaint.

52. PRCHC admits only so much of the allegations in Paragraph 52 of the Complaint as allege that following the termination of Waller's services under the Letter Agreement, the Company indicated that Waller could communicate the Choice Cable TV subscriber activity for September 2007 to Spectrum. PRCHC denies all remaining allegations in Paragraph 52 of the Complaint.

53. PRCHC admits only so much of the allegations in Paragraph 53 of the Complaint as allege that Choice Cable TV's subscriber activity showed that the rate of decline in video subscribers dropped in September 2007 compared to the subscriber activity in August 2007, and

specifically denies that such drop in the rate of decline constituted "material improvement". PRCHC denies all remaining allegations in Paragraph 53 of the Complaint.

54. On information and belief, PRCHC admits the allegations in Paragraph 54 of the Complaint.

55. PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint that allege Waller met with Spectrum on October 2, 2007 to discuss PRCHC. PRCHC denies all remaining allegations in Paragraph 55 of the Complaint.

56. PRCHC admits only so much of the allegations in Paragraph 56 of the Complaint as allege that on October 4, 2007 Spectrum submitted a non-binding proposal in the form of the term sheet, a copy of which is attached as Exhibit H to the Complaint. PRCHC denies all remaining allegations in Paragraph 56 of the Complaint.

57. PRCHC admits the allegations in Paragraph 57 of the Complaint.

58. PRCHC denies the allegations in Paragraph 58 of the Complaint.

59. PRCHC denies the allegations in Paragraph 59 of the Complaint.

60. PRCHC denies the allegations in Paragraph 60 of the Complaint.

61. PRCHC admits only so much of the allegations in Paragraph 61 of the Complaint as allege that on or about December 11, 2007, PRCHC entered an agreement and plan of merger with, among other entities, PPR Media LLC and PR Media Acquisition, Inc. PRCHC denies all remaining allegations in Paragraph 61 of the Complaint.

62. On information and belief, PRCHC admits the allegations in Paragraph 62 of the Complaint.

63. On information and belief, PRCHC admits the allegations in Paragraph 63 of the Complaint.

64. On information and belief, PRCHC admits only so much of the allegations in Paragraph 64 of the Complaint as allege that Spectrum V designates three of the five members of the Board of PPR Media LLC. PRCHC denies all remaining allegations in Paragraph 64 of the Complaint.

65. PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66. PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67. PRCHC admits only so much of the allegations in Paragraph 67 of the Complaint as allege that in connection with PPR Media LLC's investment in PRCHC, certain individuals who are with Patriot Media Consulting, LLC have become involved in management of PRCHC. PRCHC denies all remaining allegations in Paragraph 67 of the Complaint.

68. PRCHC states that the Merger Agreement (as that term is defined in the Complaint) is a written document that speaks for itself, and it contains lengthy terms that set out the details of the transaction it covers. PRCHC denies that the allegations in Paragraph 68 of the Complaint fully and accurately summarize those terms.

69. PRCHC denies the allegations in Paragraph 69 of the Complaint.

70. PRCHC denies the allegations in Paragraph 70 of the Complaint.

71. Waller does not provide an explanation of, or any information regarding, the context of its allegation in Paragraph 71 of the Complaint that there is a "commonly understood"

meaning of the term "[e]nterprise value." Accordingly, PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint. To the extent that Waller intends the allegations in Paragraph 71 to suggest that the term "enterprise value" has any relevance to the calculation of a "Transaction Fee" under the Letter Agreement, PRCHC denies those allegations.

72. PRCHC states that the Merger Agreement (as that term is defined in the Complaint) is a written document that speaks for itself, and it contains lengthy terms that set out the details of the transaction it covers. PRCHC denies that the allegations in Paragraph 72 of the Complaint fully and accurately summarize those terms.

73. PRCHC denies the allegations in Paragraph 73 of the Complaint.

74. PRCHC denies the allegations in Paragraph 74 of the Complaint.

75. PRCHC denies the allegations in Paragraph 75 of the Complaint.

76. PRCHC admits the allegations in Paragraph 76 of the Complaint.

77. PRCHC admits the allegations in Paragraph 77 of the Complaint.

78. PRCHC denies the allegations in Paragraph 78 of the Complaint.

79. PRCHC denies the allegations in Paragraph 79 of the Complaint.

80. PRCHC denies the allegations in Paragraph 80 of the Complaint.

81. PRCHC denies the allegations in Paragraph 81 of the Complaint.

82. PRCHC denies the allegations in Paragraph 82 of the Complaint.

83. PRCHC denies the allegations in Paragraph 83 of the Complaint.

84. PRCHC denies the allegations in Paragraph 84 of the Complaint.

85.  PRCHC denies the allegations in Paragraph 85 of the Complaint.

86.  PRCHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87.  PRCHC denies the allegations in Paragraph 87 of the Complaint.

88.  PRCHC states that Paragraph 88 of the Complaint consists of legal argument and a conclusion, as to which no response is required.

89.  PRCHC states that Paragraph 89 of the Complaint consists of legal argument and a conclusion, as to which no response is required.

90.  PRCHC states that Paragraph 90 of the Complaint consists of legal argument and a conclusion, as to which no response is required.

91.  PRCHC states that Paragraph 91 of the Complaint consists of legal argument and a conclusion, as to which no response is required.

92.  PRCHC states that Paragraph 92 of the Complaint consists of legal argument and a conclusion, as to which no response is required.

93.  PRCHC reasserts and re-alleges its answers to Paragraphs 1 through 92 above as if fully set forth herein.

94.  PRCHC admits that only so much of the allegations in Paragraph 94 of the Complaint as allege that Waller demanded payment in the amount of $1,606,000 in a March 31, 2008 letter, a copy of which is attached to the Complaint as Exhibit I. PRCHC denies all remaining allegations contained in Paragraph 94.

95.  PRCHC admits only so much of the allegations contained in Paragraph 95 as allege that PRCHC's counsel wrote a letter to Waller's counsel dated June 6, 2008, a copy of

which is attached to the Complaint as Exhibit J and that PRCHC has not made any payment to Waller. PRCHC states that the June 6 letter is a written document that speaks for itself, that it was written as a specific response to a request by counsel for Waller, and it contained requests for information from Waller, to which no response has ever been provided by Waller. PRCHC denies that the allegations in Paragraph 95 accurately characterize the nature, context, or contents of the June 6, 2008 letter.

96. PRCHC denies the allegations in Paragraph 96 of the Complaint.

97. PRCHC denies the allegations in Paragraph 97 of the Complaint.

98. PRCHC reasserts and re-alleges its answers to Paragraphs 1 through 92 above as if fully set forth herein.

99. PRCHC admits only so much of the allegations in Paragraph 99 of the Complaint that allege that Waller sent a letter dated March 31, 2008, a copy of which is attached as Exhibit I to the Complaint, and that the letter alleged Waller incurred and was owed $44,539.59 for out-of-pocket costs and expenses. PRCHC states that its counsel repeatedly requested documentation from Waller's counsel of the submission for payment of those alleged expenses, but Waller and its counsel have refused to respond to any of those requests. Accordingly, PRCHC denies that Waller has made a demand for payment of "reasonable out-of-pocket costs and expenses" in the amount of $44,539.39.

100. PRCHC denies the allegations in Paragraph 100 of the Complaint.

101. PRCHC denies the allegations in Paragraph 101 of the Complaint.

102. PRCHC denies the allegations in Paragraph 102 of the Complaint.

103. PRCHC reasserts and re-alleges its answers to Paragraphs 1 through 92 above as if fully set forth herein.

104. PRCHC denies the allegations in Paragraph 104 of the Complaint.

105. PRCHC denies the allegations in Paragraph 105 of the Complaint.

106. PRCHC denies the allegations in Paragraph 106 of the Complaint.

107. PRCHC denies the allegations in Paragraph 107 of the Complaint.

108. PRCHC denies the allegations in Paragraph 108 of the Complaint.

109. PRCHC admits the allegations contained in Paragraph 109.

110. PRCHC denies the allegations in Paragraph 110 of the Complaint.

### Response to Prayer for Relief

The final paragraph of Waller's Complaint beginning with the word "WHEREFORE" and including its subparts (A) through (E) contain only prayers for relief, but do not contain factual allegations as to which a response is required. To the extent the Court deems the "WHEREFORE" paragraph (and its subparts) to contain factual allegations requiring a response by PRCHC, PRCHC denies all such allegations and specifically denies that Waller is entitled to judgment or relief of any kind.

### AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Waller's Complaint not specifically admitted above, PRCHC by way of affirmative defenses states and avers as follows:

### First Affirmative Defense

Waller's Complaint, and each of the counts set forth therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Waller's claim for breach of contract fails under the doctrine of failure of consideration.

### Third Affirmative Defense

Waller's claims are barred, in whole or in part, by the terms of the parties' agreement.

### Fourth Affirmative Defense

Waller's claims are barred, in whole or in part, because PRCHC's actions or omissions were based on justification or excuse.

### Fifth Affirmative Defense

Waller's claim for breach of contract fails because of Waller's material breaches of its agreement with PRCHC.

### Sixth Affirmative Defense

Waller is precluded from pursuing all equitable relief requested, including but not limited to its claim for unjust enrichment, on the ground that Waller cannot establish that it does not have an adequate remedy at law.

### Seventh Affirmative Defense

Waller's claim for unjust enrichment fails because Waller had no reasonable expectation that it would be compensated by PRCHC for the transaction at issue under the terms of the parties' agreement.

### Eighth Affirmative Defense

Waller's claims are barred, in whole or in part, by the doctrines of bad faith and unclean hands.

### Ninth Affirmative Defense

Waller's claims are barred, in whole or in part, under the doctrine of estoppel.

### Tenth Affirmative Defense

Waller's Second Cause of Action fails as a matter of law and must be dismissed on the ground that Waller has failed to perform a condition precedent to its alleged right to receive the payments sought in that cause of action.

### Eleventh Affirmative Defense

Waller's claims are barred, in whole or in part, by the statute of frauds.

WHEREFORE, PRCHC respectfully requests that the Court enter judgment in its favor on all claims; that the Court dismiss Waller's Complaint with prejudice; that the Court award PRCHC its attorneys' fees and expenses pursuant to Paragraph 11(e) of the Letter Agreement; and that the Court grant such other relief as it deems just and appropriate.

Dated: New York, NY
       October 31, 2008

*/s/ Andre K. Cizmarik*
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

Of Counsel:

Steven M. Cowley
Stephanie A. Bruce
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| WALLER CAPITAL PARTNERS, LLC, | No. 08-CIV-8940 |
| Plaintiff, | |
| Versus | **CERTIFICATE OF SERVICE** |
| PUERTO RICO CABLE HOLDING COMPANY INC., | |
| Defendant. | |

------------------------------------------------------------x

Andre K. Cizmarik swears under penalty of perjury that he is over the age of 18, is not a party to this action, and on the 31st day of October 2008, he caused a true copy of the foregoing ANSWER OF PUERTO RICO CABLE HOLDING COMPANY, INC. to be served upon:

> Christopher M. Mason, Esq.
> NIXON PEABODY LLP
> Attorneys for Plaintiff
> 437 Madison Avenue
> New York, NY  10022

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

*/s/ Andre K. Cizmarik*
Andre K. Cizmarik